UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                 Plaintiff,

                                                                DECISION AND ORDER

                                                                09-CR-6016L

                                v.

CHRISTOPHER RIZZO,

                                 Defendant.
_____

       Defendant, Christopher Rizzo ("Rizzo"), is charged in a multi-count indictment with federal narcotics and firearms offenses. Pursuant to 28 U.S.C. § 636(b) this Court referred all pretrial motions and other matters to United States Magistrate Judge Jonathan W. Feldman.

       During the investigation of the case, two search warrants were executed on different dates at the downstairs apartment at 68 Parkdale Terrace, Rochester, New York. The first search occurred on September 15, 2008 and was authorized by Monroe County Court Judge Alex Renzi. The second search occurred several months later, on February 10, 2009 and was authorized by United States Magistrate Judge Marian W. Payson. The first warrant authorized the search of the downstairs apartment; the second warrant authorized a search for both the upstairs and the downstairs apartments at 68 Parkdale Terrace. Rizzo moved to suppress evidence seized pursuant to those warrants.

Rizzo was present on both occasions when the warrants were executed. He was arrested and taken into custody and he made statements. Rizzo now seeks to suppress these statements.

Magistrate Judge Feldman issued a thorough Report and Recommendation (Dkt. #53) recommending that the motion to suppress evidence seized pursuant to the search warrants be denied and that defendant's motion to suppress statements also be denied. Defendant duly filed objections to that Report and Recommendation.

I have reviewed Magistrate Judge Feldman's Report and Recommendation, the objections to that Report and Recommendation and the transcript of the suppression hearing, which occurred on July 22, 2009, relating to defendant's motion to suppress statements. After considering all these matters, I accept and adopt the Report and Recommendation of Magistrate Judge Feldman and, therefore, deny defendant's motion to suppress.

Concerning the search warrants, I agree with Magistrate Judge Feldman that there is ample evidence to support issuance of the warrants in question. Much of the information presented to the issuing judge or magistrate judge related to observations made by a confidential informant. There were activities by the defendant in both the upstairs and the downstairs apartments, and these were adequately presented to the issuing judges. After reviewing the warrants and the affidavits in support of them, I agree with Magistrate Judge Feldman that there was probable cause for issuance of those warrants.

I also agree with Magistrate Judge Feldman that the officers acted in good faith and had an objective good faith basis to rely on the warrants issued by both Judge Renzi and Magistrate Judge

Payson. Therefore, even if the warrants were defective, which they were not, there is no basis to suppress the evidence. *United States v. Leon,* 468 U.S. 897 (1984).

Rizzo allegedly made statements when he was arrested on the first warrant on September 15, 2008, and when he was arrested once again upon execution of the second warrant, on February 10, 2009. As Magistrate Judge Feldman noted in his Report and Recommendation, the defendant only challenges the admissibility of the second statement. The Magistrate Judge, therefore, focused on the circumstances surrounding defendant's statement on February 10, 2009. As to that statement, defendant presented no proof to contradict the testimony of Special Agent Thomas Shelton concerning the circumstances relating to the taking of the statement.

Rizzo contends that because he obtained a lawyer in connection with his first arrest, any questioning of him by law enforcement when he was subsequently arrested was barred unless counsel was present at the time the statements were made. Magistrate Judge Feldman discussed this argument and determined based on relatively recent United States Supreme Court authority, *Montejo v. Louisiana,* ____U.S.____, 129 S.Ct. 2079 (2009), that Rizzo's argument is unavailing. I agree with Magistrate Judge Feldman's analysis of that case and his analysis of the Fifth Amendment principles that are applicable here.

Magistrate Judge Feldman reviewed all the facts and determined, based on the totality of circumstances, that Rizzo's Fifth Amendment rights were honored. The appropriate *Miranda* warnings were given prior to both the interrogations connected with the September 2008 and February 2009 search warrants. Magistrate Judge Feldman accepted the version presented by law enforcement witnesses, concerning the circumstances under which the statements were made, and

that testimony was not rebutted or refuted by the defendant or any other witness. In sum, I agree with Magistrate Judge Feldman that there is no basis to suppress the February 10, 2009 statement and, although apparently not challenged now, I agree with his recommendation that there is no basis to suppress the single statement Rizzo made upon his first arrest on September 15, 2008.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #53) of United States Magistrate Judge Jonathan W. Feldman.

Defendant's motions to suppress physical evidence obtained via two search warrants and his motion to suppress statements (Dkt. #31) are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 19, 2010.